UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIANCA CHANCY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>- v -<br><br>MOODS CAFE I, INC., KARLYLE MOOLENAAR, and JOANNE FITZGERALD,<br><br>    Defendants. | Civil Action No.: 2:25-cv-25-4733<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Bianca Chancy ("Chancy"), on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, brings this Complaint against Defendants Moods Cafe I, Inc. ("Moods Cafe"), Karlyle Moolenaar ("Moolenaar") and Joanne Fitzgerald ("Fitzgerald"), and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for failure to pay legally required minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and New York Labor Law ("NYLL") § 652; failure to pay legally required overtime wages in violation of FLSA, 29 U.S.C. § 207, and NYLL, 12 N.Y.C.R.R. § 146-1.4; unlawful tip retention in violation of FLSA, 29 U.S.C. § 203(m)(2)(B), and NYLL, § 196-d; failure to provide wage notices as required by NYLL § 195(1); failure to furnish wage statements as required by NYLL § 195(3); failure to pay spread-of-hours compensation as required by NYLL, 12 N.Y.C.R.R. § 146-1.6; and failure to pay timely wages as required by NYLL § 191.

### JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.      The Court has original jurisdiction over Chancy's federal claims pursuant to 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Chancy's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Upon information and belief, at all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

## PARTIES

6. Plaintiff Chancy is a resident of the State of New York and former Bartender of Moods Cafe.

7. At all relevant times, Chancy was an "employee" of Defendants under all relevant statutes.

8. Moods Cafe is a corporation registered in New York and permitted to do business in New York.

9. Moods Cafe employed at least two employees throughout Chancy's employment.

10. Moods Cafe conducted business at 269 W Merrick Road, Valley Stream, NY 11580, where it employed Chancy.

11. Upon information and belief, Defendant Moolenaar was at all relevant times an owner of Moods Cafe.

12. Upon information and belief, Defendant Fitzgerald was at all relevant times an owner of Moods Cafe.

13. Moolenaar and Fitzgerald exercised operational control over Moods Cafe and possessed the power to affect the terms and conditions of Chancy's employment. This control was demonstrated by, among other things, Defendant Moolenaar directly communicating with Chancy regarding her work schedule, calculating and acknowledging wages and tips owed to her via text message, and directly transmitting payments to her.

14. Upon information and belief, Defendant Fitzgerald, as a corporate owner and the individual under whose name the business's liquor license was held, had the power to hire and fire employees, control employment policies, and determine employee compensation.

15. Upon information and belief, Moolenaar resides in New York.

16. Upon information and belief, Fitzgerald resides in New York.

17. At all relevant times, Defendants were Chancy's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

18. In or about January 2023, Defendants hired Chancy as a Bartender.

19. Chancy worked from Moods Cafe's 269 W Merrick Road, Valley Stream, NY 11580 location.

20. Defendants did not provide Chancy with a wage notice at the time of her hiring as required by NYLL § 195(1).

21. From January 2023 to December 11, 2024, Defendants paid Chancy $50 per shift in cash, regardless of the number of hours she worked.

22. Upon information and belief, Defendants paid all of the bartenders employed at Moods Cafe $50 per shift in cash from January 2023 to December 11, 2024.

23. Beginning on or around December 12, 2024 through March 2025, Defendants

paid Chancy $100 per shift in cash, regardless of the number of hours she worked.

24. Upon information and belief, Defendants continued paying the other bartenders employed at Moods Cafe $50 per shift in cash.

25. Defendants did not provide Chancy with wage statements with each payment of wages, as required by NYLL § 195(3).

26. Upon information and belief, Defendants subjected other employees to this practice of unlawfully failing to provide them with wage notices at the time of hiring and wage statements.

27. For the first seven to eight months of her employment with Moods Cafe, Chancy's regular schedule consisted of three to four 13-hour shifts per week, beginning at 3:00 PM until closing at 4:00 AM, amounting to 39 to 52 hours per week.

28. Chancy's position as a Bartender required her to spend more than 25% of her working time engaged in physical labor. These physical tasks included, but were not limited to, standing for the entirety of her shifts; walking throughout the restaurant to take orders and serve patrons; lifting and carrying cases of liquor, beer, and other stock; stocking refrigerators and shelves; and cleaning the bar area.

29. During the first seven to eight months of her employment, Plaintiff regularly worked shifts with a spread of hours exceeding ten hours.

30. In a representative workweek in February 2023, Plaintiff worked four 13-hour shifts, from approximately 3:00 PM to 4:00 AM, for a total of 52 hours worked.

31. For that workweek, Defendants paid Plaintiff only a flat shift rate of $50.

32. As a result, for that representative workweek, Defendants failed to pay Plaintiff any compensation for 12 of her hours worked, and failed to pay her the required overtime

premium of one-and-one-half times her regular rate for all 12 hours she worked in excess of 40. Further, her effective hourly rate was approximately $0.96 ($50 divided by 52 hours), an amount substantially below the applicable federal and New York State minimum wage.

33. Furthermore, on each of the four days in that representative workweek, Plaintiff's spread of hours was 13 hours. Defendants failed to pay her one additional hour of pay at the minimum wage rate for each of those days, as required by NYLL.

34. Beginning in or around September 2023 until March 2025, Chancy worked 15 to 28 hours per week.

35. Defendant Moolenaar intermittently paid Chancy varying amounts for tips and gratuity through payment applications such as Zelle and Cash App.

36. Moolenaar did not pay Chancy all the tips and gratuities she earned during her shifts.

37. For instance, on April 9, 2024, Moolenaar sent Chancy a text admitting that he owed her $13,194.06 for tips and gratuities.

38. On July 23, 2024, Moolenaar sent Chancy a text stating that he had sent her $8,500 via Zelle and owed her $14,157.80 for tips and gratuities.

39. In the text, Moolenaar said he would pay Chancy $3,000 on Thursday or Friday and $2,000 on Monday or Tuesday.

40. He wrote that he "would try to take care of the balance or it will be very minimal left" in August 2024.

41. On February 27, 2025, Moolenaar sent Chancy a text message stating that he owed her $8,328.17 for tips and gratuities.

42. Chancy's employment with Defendants concluded on March 25, 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings the First, Second, and Third Causes of Action below as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt bartenders and related staff employed by Defendants on or after the date that is three years before the filing of the Complaint in this action through the date of final judgment (the "FLSA Collective Plaintiffs").

44. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to the policy and practice of Defendants of willfully failing and refusing to pay them legally required minimum wage, overtime pay, and tips, and concealing these underpayments by paying wages in cash without providing accurate wage statements.

45. Defendants engaged in deliberate, systematic actions to conceal their unlawful pay practices, including: (a) paying Plaintiff and other employees their wages entirely in cash to avoid creating a verifiable payroll record; (b) failing to provide Plaintiff and other employees with accurate wage statements in violation of NYLL § 195(3), which would have documented their hours worked, rates of pay, and tips they earned; and (c) failing to provide Plaintiff and other employees with the legally required wage notice at the time of hire in violation of NYLL § 195(1), which would have informed them of their right to minimum wage and overtime compensation.

46. The First, Second, and Third Causes of Action are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. The FLSA Collective Plaintiffs are readily ascertainable.

48. The names and addresses of the FLSA Collective Plaintiffs are readily available

from Defendants.

49. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

50. Plaintiff brings the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action below pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all non-exempt employees who were employed by Defendants on or after the date that is six years before the filing of the Complaint in this action (the "Class Period").

51. All such persons are referred to herein as members of the "Class" or "Class Members."

52. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from records maintained by Defendants.

53. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from records maintained by Defendants.

54. The names and addresses of the Class Members are readily available from Defendants.

55. Notice can be provided by means permissible under Rule 23.

56. The proposed Class is so numerous that joinder of all Class Members would be impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

57. Although the precise number of such persons is presently within the sole control of Defendants, upon information and belief, the Class consists of at least 10 current and former employees.

58. Plaintiff's claims are typical of those claims which could be alleged by any

member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

59. All the Class members were subject to the same policy and practice of Defendants, as alleged herein, of failing to pay employees the minimum wage, overtime rate of pay for hours worked in excess of forty hours per week, spread of hours and tips, and failing to provide wage notices at the time of hiring and wage statements.

60. The company-wide policy and practice of Defendants complained about herein affected all Class Members similarly.

61. Plaintiff is able to fairly and adequately represent and protect the interests of the Class and has no interests antagonistic to the Class.

62. Plaintiff is represented in this action by attorneys who are experienced and competent in employment litigation and have previously represented plaintiffs in wage and hour cases.

63. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against their employer.

64. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

65. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

Members to redress the wrongs done to them.

66. On the other hand, important public interests will be served by addressing these claims as a class action.

67. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

68. The issues in this action can be decided by means of common, class-wide proof.

69. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

70. There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members. These common questions include: (a) whether Defendants had a policy or practice of failing to pay Class Members the minimum wage; (b) whether Defendants had a policy or practice of failing to pay Class Members overtime at a rate of one and one-half times their regular rate of pay for hours worked over forty per week; (c) whether Defendants had a policy or practice of failing to pay Class Members tips; (d) whether Defendants failed to provide Class Members with the wage notice required by NYLL § 195(1); (e) whether Defendants failed to provide Class Members with wage statements required by NYLL § 195(3); and (f) whether Defendants failed to pay Class Members their hourly wages, overtime wages, and spread of hours pay they earned within seven calendar days after the end of the week in which they earned them.

## FIRST CAUSE OF ACTION
### (FLSA Minimum Wage Violations)
***Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs***

71. Chancy repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

72. At all relevant times, Defendants have been, and continue to be, an employer engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203.

73. Throughout the statute of limitations period covered by these claims, Defendants paid Plaintiff and the other FLSA Collective Plaintiffs less than the federal minimum wage.

74. At all relevant times, Defendants operated under a policy and practice of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage.

75. Defendants' policy of paying in cash and failing to provide wage notices or statements demonstrates that they knew or showed reckless disregard of whether their conduct was prohibited by FLSA, rendering their violations willful and subject to a three-year statute of limitations.

## SECOND CAUSE OF ACTION
### (FLSA Overtime Violations)
***Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs***

76. Chancy, on behalf of herself and all other FLSA Collective Plaintiffs repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

77. At all relevant times, Defendants have been, and continue to be, an employer engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203.

78. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked more than forty hours per workweek.

79. At all relevant times, Defendants operated under a policy and practice of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime rate for hours worked in excess of forty hours per workweek.

80. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty hours per workweek.

81. Defendants' policy of paying in cash and failing to provide wage notices or statements demonstrates that they knew or showed reckless disregard of whether their conduct was prohibited by FLSA, rendering their violations willful and subject to a three-year statute of limitations.

### THIRD CAUSE OF ACTION
### (FLSA Tip Violations)
*Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs*

82. Chancy, on behalf of herself and all other FLSA Collective Plaintiffs repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

83. At all relevant times, Defendants have been, and continue to be, an employer engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203.

84. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs were tipped employees and were paid less than the federal minimum wage.

85. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs the tips they earned pursuant to 29 U.S.C. § 203(m)(2)(B).

86. Defendants' policy of paying in cash and failing to provide wage notices or statements demonstrates that they knew or showed reckless disregard of whether their conduct

was prohibited by FLSA, rendering their violations willful and subject to a three-year statute of limitations.

## FOURTH CAUSE OF ACTION
### (NYLL Minimum Wage Violations)
*Brought by Plaintiff on Behalf of Herself and the Class Members*

87. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

88. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the Class Members at the required minimum wage.

## FIFTH CAUSE OF ACTION
### (NYLL Overtime Violations)
*Brought by Plaintiff on Behalf of Herself and the Class Members*

89. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

90. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the Class Members at the required overtime rate for hours worked in excess of forty hours per workweek.

## SIXTH CAUSE OF ACTION
### (NYLL Tip Violations – NYLL § 196-d)
*Brought by Plaintiff on Behalf of Herself and the Class Members*

91. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

92. At all relevant times, Plaintiff and the Class Members were tipped employees and were paid less than minimum wage required under New York State law.

93. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the Class Members the tips they earned.

## SEVENTH CAUSE OF ACTION
### (NYLL Wage Notice Violations – NYLL § 195(1))
*Brought by Plaintiff on Behalf of Herself and the Class Members*

94. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

95. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to provide Plaintiff and the Class Members with the written wage notice required at the time of hiring by NYLL § 195(1).

96. Specifically, Defendants failed to provide a notice containing, inter alia, their rate or rates of pay and basis thereof, their regular hourly rate, their overtime rate of pay, and the employer's legal name and physical address.

97. As a direct result of this failure, Plaintiff and Class Members were deprived of critical information regarding their pay, were unaware of the minimum wage and their right to overtime compensation, and were hindered in their ability to recognize and seek remedy for Defendants' unlawful wage practices.

## EIGHTH CAUSE OF ACTION
### (NYLL Wage Statement Violations – NYLL § 195(3))
*Brought by Plaintiff on Behalf of Herself and the Class Members*

98. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

99. Throughout the Class Period, as a direct result of their policy of paying wages in cash, Defendants willfully, regularly, and repeatedly failed to provide Plaintiff and the Class Members with an accurate statement with every payment of wages, as required by NYLL § 195(3).

100. They accordingly failed to provide Plaintiff and the Class Members, inter alia, the

dates of work covered by the payment, the number of regular and overtime hours worked, the applicable regular and overtime rates of pay, gross wages, and net wages.

101. As a direct result of this failure, Plaintiff and Class Members were unable to verify the accuracy of their pay, were kept unaware of Defendants' unlawful failure to pay overtime, and were hindered in their ability to seek timely redress for the underpayments.

## NINTH CAUSE OF ACTION
### (NYLL Spread-of-Hours Violations – 12 N.Y.C.R.R. § 146-1.6)
*Brought by Plaintiff on Behalf of Herself and the Class Members*

102. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

103. Throughout the Class Period, Plaintiff and the Class Members were employed at a restaurant.

104. Throughout the Class Period, Plaintiff and the Class Members worked on days during which their spread of hours was more than 10 hours.

105. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and the Class Members an additional hour of pay at the minimum wage rate on days when the spread exceeded 10 hours.

## TENTH CAUSE OF ACTION
### (NYLL Failure to Pay Timely Wages – NYLL § 191)
*Brought by Plaintiff on Behalf of Herself and the Class Members*

106. Chancy, on behalf of herself and the Class Members, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

107. Throughout the Class Period, Plaintiff and the Class Members were employed as manual workers.

108. Throughout the Class Period, Defendants willfully, regularly, and repeatedly

failed to pay Plaintiff and the Class Members their hourly wages, overtime wages, and spread of hours pay they earned within seven calendar days after the end of the week in which they earned them.

## **RELIEF**

Plaintiff Bianca Chancy demands judgment in her favor and against Defendants Moods Cafe I, Inc., Karlyle Moolenaar, and Joanne Fitzgerald as follows:

    A.    An award of damages against Defendants for all unpaid wages due to Plaintiff and the FLSA Collective and Class Members under FLSA and NYLL;

    B.    An award of liquidated damages against Defendants equal to 100% of the amount of unpaid wages pursuant to 29 U.S.C. § 216(b) and NYLL § 198;

    C.    An award of damages against Defendants for all unpaid tips due to Plaintiff and the FLSA Collective and Class Members under FLSA and NYLL;

    D.    An award of liquidated damages against Defendants equal to 100% of the amount of unpaid tips pursuant to 29 U.S.C. § 216(b) and NYLL § 198;

    E.    An award of damages against Defendants for all untimely wages due to Plaintiff and the Class Members under NYLL;

    F.    An award of liquidated damages against Defendants equal to 100% of the amount of untimely wages pursuant to NYLL § 198;

    G.    An award of statutory damages for Defendants' failure to provide wage notices in violation of NYLL § 195(1) and Defendants' failure to provide wage statements in violation of NYLL § 195(3), pursuant to NYLL § 198(1-b) and § 198(1-d);

    H.    An award of prejudgment interest on all amounts due under NYLL;

I.     An award of Chancy's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

J.     Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Bianca Chancy demands a trial by jury on all issues so triable of right.

Dated: August 26, 2025
New York, New York

**RISSMILLER PLLC**

By:   */s/ Jazly Liriano*
Jazly Liriano
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 248-7811
jliriano@rissmiller.com
arissmiller@rissmiller.com

*Attorneys for Plaintiff Bianca Chancy*